**Syed Ali RAZA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, United States Department of Homeland Security, Respondents.**

**No. 05–2393–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2006.

Syed Ali Raza, pro se, Woodhaven, New York, for Petitioner.

Jim Letten, U.S. Atty. for the Eastern District of Louisiana, Alice Daigle, Diane

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Hollenshead Copes, Asst. U.S. Attys., New Orleans, Louisiana, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Syed Ali Raza, *pro se,* petitions for review of the BIA decision denying his motion to reopen his "asylum-only" proceedings. Although petitioner is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134–35 (2d Cir.2006). We assume the parties' familiarity with the underlying facts and procedural history.

Raza did not file a timely petition for review of the BIA's denial of his merits appeal; his petition for review was filed with this Court more than seven months after that decision was issued. *See* 8 U.S.C. § 1252(b)(1) (requiring petitions for review to be filed with 30 days of the final administrative decision). However, Raza's petition for review is timely with respect to the denial of his motion to reopen. In a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). Accordingly, the only issue that is properly before this Court is whether the BIA abused its discretion in denying Raza's motion to reopen.

The government correctly asserts that Raza failed to raise any arguments regarding the denial of his motion to reopen in his brief to this Court. Accordingly, this Court finds that Raza waived any challenge relating to the denial of his motion to reopen. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Even if we addressed the claims, however, we would find that the BIA did not err in denying Raza's motion to reopen. This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted). A motion to reopen will not be granted unless the movant proves that the evidence sought to be offered is material, was not available, and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1).

The BIA denied Raza's motion because he failed to present newly available evidence that was material to his claim. Although Raza submitted previously unavailable country reports, the BIA did not abuse its discretion in concluding that the information contained in those reports does not demonstrate that country conditions for Shi'a Muslims in Pakistan have changed sufficiently to warrant reopening.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).